UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

THEODORE SMITH,

                    Plaintiff,                    **MEMORANDUM AND ORDER**

          - against -
                                                  14 Civ. 2690 (NRB)
CITY OF NEW YORK, et al.

                    Defendants.

-----------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     Plaintiff Theodore Smith, <u>pro se</u>, moves to recuse the
undersigned on the basis of personal bias or prejudice against
him.  <u>See</u> 28 U.S.C. §§ 144, 455.  For the following reasons, the
motion is denied.



                              BACKGROUND

     This is the second federal lawsuit that Smith has brought
against the New York City Department of Education ("DOE"), and
related persons and agencies, to challenge adverse action taken
against him in his former capacity as a public schoolteacher.
The first lawsuit, which Smith commenced in 2006, ended in
summary judgment for the defendants.  <u>See</u> <u>Smith v. N.Y.C. Dep't</u>
<u>of Educ.</u>, 808 F. Supp. 2d 569 (S.D.N.Y. 2011) ("<u>Smith I</u>").  The

federal claims in Smith I were dismissed principally under the doctrine of collateral estoppel, as the Court determined that factual findings of two DOE disciplinary hearings concerning Smith's alleged misconduct had preclusive effect.  See id. at 577-78, 580.  The results of both of those disciplinary hearings had been affirmed by state courts before this Court ruled on the summary judgment motion.  See id. at 574-76 (summarizing the hearings and state-court decisions).

Smith commenced this second federal lawsuit, which was assigned to the undersigned because it is related to the first, in 2014.  Defendants have moved to dismiss Smith's second amended complaint on the grounds that its claims are precluded by the results of the DOE disciplinary hearings and the prior litigations in state and federal court, and, in the alternative, that it fails to state a plausible claim upon which relief can be granted.  Because the Court has granted Smith two extensions of time to file his opposition papers, the motion to dismiss is still being briefed.  In the interim, on March 30, 2015, Smith filed the instant motion for recusal.

## DISCUSSION

Smith's motion for recusal principally contends that the Court exhibited bias and prejudice in the Smith I opinion

because it relied on (1) allegations and findings made in the disciplinary hearings and (2) allegations made by Smith's former lawyer, David M. Kearney, in applying to withdraw as counsel in the first federal case. See Smith Memorandum of Law, dated March 28, 2015 ("Smith Mem."), at 12-16. Smith also argues that the Court exhibited bias and prejudice in remarks made at a pretrial conference. See Declaration of Theodore Smith, dated March 30, 2015 ("Smith Decl."), at ¶ 18 ("Judge Buchwald stated how I looked like a gym teacher and remarked that she didn't think Kearney had any reason to lie."); Smith Mem. at 15 ("Judge Buchwald remarked that Plaintiff, 'looked like a gym teacher,' and also made it clear that Kearney's allegations would be viewed by her as truthful, because, 'why would he lie.'").

A federal judge has a duty in every case to determine whether recusal is warranted. See 28 U.S.C. § 455; In re Initial Pub. Offering Sec. Litig., 174 F. Supp. 2d 70, 74-75 (S.D.N.Y. 2001).[1] A judge must disqualify herself from "any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including circumstances where she "has a personal bias or prejudice concerning a party," id.

---

[1]     Although Smith relies on the procedure set out in 28 U.S.C. § 144, that statutory mechanism to disqualify a judge is arguably unavailable to pro se parties because it requires the submission of an attorney's certificate of good faith. See Williams v. N.Y.C. Hous. Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003). This is of no substantive importance here, however, because the standard for disqualification under 28 U.S.C. § 144 is the same as that

§ 455(b)(1).    Recusal  is  required  when  "an  objective,

disinterested observer fully informed of the underlying facts[]

would  entertain  significant  doubt  that  justice  would  be  done

absent recusal," or, in other words, when "a reasonable person,

knowing all the facts, would question the judge's impartiality."

United  States  v.  Yousef,  327  F.3d  56,  169  (2d  Cir.  2003)

(internal  quotation  marks  and  other  brackets  omitted);  see,

e.g.,  ISC Holding AG v. Nobel Biocare Finance AG,  688 F.3d 98,

107 (2d Cir. 2012).

        Only  in  exceptional  situations  can  decisions  rendered,  or

views developed, in the ordinary course of judicial proceedings

create  disqualifying  bias  or  prejudice.    "[J]udicial  rulings

alone  almost  never  constitute  a  valid  basis  for  a  bias  or

partiality  motion.  .  .  .  Almost  invariably,  they  are  proper

grounds for appeal, not for recusal."   Liteky v. United States,

510 U.S. 540, 555 (1994).   Furthermore, "opinions formed by the

judge  on  the  basis  of  facts  introduced  or  events  occurring  in

the  course  of  the  current  proceedings,  or  of  prior  proceedings,

do  not  constitute  a  basis  for  a  bias  or  partiality  motion  unless

they  display  a  deep-seated  favoritism  or  antagonism  that  would

make  fair  judgment  impossible."    Id.    "Accordingly,  recusal  is

not  warranted  where  the  only  challenged  conduct  'consists  of

---

under 28 U.S.C. § 455(b)(1).   See Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d
326, 333 (2d Cir. 1987).

judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible.'" S.E.C. v. Razmilovic, 738 F.3d 14, 29-30 (2d Cir. 2013) (brackets omitted) (quoting Liteky, 510 U.S. at 556), cert. denied, 134 S. Ct. 1564 (2014).

Under this standard, the proceedings and opinion in Smith I do not even arguably warrant recusal.  To the extent that Smith took issue with the decision to afford preclusive effect to the findings of the disciplinary hearings, or any other aspect of the opinion, the proper remedy would have been to appeal (which he did not).  But regardless of the merits of that opinion, no reasonable, disinterested observer could conclude that it displayed bias or prejudice.

Smith's suggestion that the Smith I decision relied on Kearney's May 23, 2007 affirmation in support of his application to withdraw as counsel not only does not provide a basis for recusal, it also mischaracterizes the basis of that decision. Kearney's affirmation, and its underlying allegation that Smith uttered death threats against an arbitrator in the first

5

disciplinary hearing, was of significance in both disciplinary hearings.[2]   But the issue before this Court in Smith I was not whether Kearney's allegation was truthful, but whether it was appropriate to relitigate issues that had been decided in prior proceedings.   See Smith I, 808 F. Supp. 2d at 577–78, 580.

Finally, the remarks that Smith attributes to the Court do not establish any antagonism to Smith.   The Court does not specifically recall those remarks, but assumes for present purposes that they were made.[3]   First, an offhanded comment that Smith "looked like a gym teacher," Smith Decl. ¶ 18, hardly evidences bias.   Rather, if said, the comment was intended as a compliment, i.e., that Smith appeared physically fit.   Second, the issue of Kearney's credibility, which has been of obvious relevance to the many proceedings involving Smith, was an appropriate subject for discussion at a status conference. Neither the Court's question "why would [Kearney] lie," Smith Mem. at 15, nor the Court's expression of doubt that Kearney had "any reason to lie," Smith Decl. ¶ 18, bespeaks partiality or bias.

---

[2]   Although Kearney's affirmation was originally submitted to this Court ex parte, Smith provided it to the DOE in 2007, and Smith has filed a copy of it in support of the instant motion.   See Smith Mem. at 4; Smith Decl. Ex 10.
[3]   The alleged remarks were made at a November 4, 2009 status conference. Consistent with the Court's practice to hold status conferences in civil cases off the record, no court reporter was present to transcribe the proceedings.   See Smith Decl. ¶ 18; Letter from Judge Buchwald to Mr. Smith, dated March 9, 2015, Smith Decl. Ex. 18.   The Court recalls that Kearney's allegations were one topic of discussion.

"A judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is."  In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). Because Smith's submission does not provide any proper basis for recusal, and the Court is not aware of any other disqualifying fact, recusal would be inappropriate.

## CONCLUSION

For the foregoing reasons, the motion for recusal is denied.


Dated:    New York, New York
          April 7, 2015

          _____
          NAOMI REICE BUCHWALD
          UNITED STATES DISTRICT JUDGE

A copy of the foregoing Memorandum and Order has been mailed on this date to the following:

**Plaintiff**
Theodore Smith
420 E. 61st Street, Apt. 37C
New York, NY 10065

**Attorney for Defendants**
Mark A. Osmond, Esq.
NYC Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007